IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MARYBETH MCMAHON** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-12-2739 |
| **THE GARLAND CO., INC.** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is a motion (ECF No. 7) pursuant to Federal Rule of Civil Procedure 24(a)(2) and (b)(1)(B) by Ron Ruff Roofing, Inc. ("RRR"), to intervene in this personal injury suit removed to this Court based upon diversity jurisdiction (Notice of Removal ¶¶ 4, 5). Plaintiffs do not oppose the motion and have agreed to dismiss their companion action against RRR pending in state court if the motion to intervene is granted. (ECF No. 13.) The only Defendant that has appeared in this Court to date, The Garland Company, Inc., also does not oppose the motion on three conditions: (1) intervention by RRR does not defeat the Court's diversity jurisdiction, (2) the Court does not remand the case to state court, and (3) RRR is ordered to dismiss the third-party complaint it filed against Garland in the companion state court action. (Def.'s Resp. ¶ 6, ECF No. 12.) The motion is DENIED.

The procedural history is somewhat complicated. Various state-court plaintiffs brought a lawsuit in Baltimore County Circuit Court, Maryland, against RRR for injuries and damages allegedly relating to their exposure to fumes from roofing repair work at a medical office building. RRR, in turn, filed a third-party complaint against Garland, as a manufacturer and seller of the roofing products employed in the repair work. A separate state-court case was filed

by the same plaintiffs against Garland and Tamko Building Products, which was also a potential source of the allegedly noxious roofing material. Plaintiffs apparently intended to achieve consolidation of the two cases, but this did not occur. Instead, after Garland was served, it removed the second case to this Court on the basis of diversity jurisdiction. Diversity is lacking between RRR and Plaintiffs, so the first case remains in state court.

RRR now seeks to intervene in the removed case and thereby consolidate all claims in this Court. RRR contends the Court can exercise supplemental jurisdiction over its contribution claim against Garland without defeating diversity jurisdiction. If the Court allows that to happen, then the parties agree that the companion state-court case against RRR can be dismissed.

In a recent opinion by another judge of this Court, it was held that a nondiverse defendant intervenor who was not an indispensable party could intervene without destroying the Court's diversity jurisdiction. *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 226 (D. Md. 2010). The *Perlberg* case, upon which RRR places heavy reliance, stands on markedly different footing from the instant case, however. The plaintiff in that suit sought a declaratory judgment that it had no duty to defend or indemnify its insureds, the Perlbergs. The party seeking to intervene was another insurance company, New Hampshire Insurance Company, that had been paying all of the costs of defense in an underlying case against the Perlbergs. Thus, New Hampshire Insurance sought to intervene so that it could assert a contribution claim against the plaintiff, Pennsylvania National. Judge Blake allowed intervention even though the intervenor and the plaintiff were nondiverse in a case founded exclusively upon diversity jurisdiction. She found that supplemental jurisdiction existed under Section 1367, Title 28, United States Code.

In the instant case, the nondiverse defendant intervenor effectively seeks to bring into federal court a nondiverse negligence action. RRR has stated that its purpose is to assert a

contribution claim against Garland (and, presumably, Tamko if it is ever served and brought into the case as an active litigant) in the event RRR is found liable for Plaintiffs' alleged injuries. But Plaintiffs cannot sue RRR in federal court given the lack of diversity between the two sides. Consequently, although a stated goal of RRR's intervention is to consolidate all claims in this Court, no subject-matter jurisdiction would exist over Plaintiffs' claims against RRR. The result is that allowing RRR's intervention on the condition that Plaintiffs' state-court suit against RRR be dismissed would result in foreclosure of Plaintiffs' claims against RRR. It is not clear that this consequence is intended by Plaintiffs when they say they would dismiss their state-court suit against RRR. Not only would Plaintiffs' claims be foreclosed against RRR if this were allowed, but RRR also would have no reason to seek contribution from Garland because RRR would be off the hook, so to speak. Intervention by RRR in federal court premised upon dismissal of Plaintiff's state-court suit against RRR would nullify RRR's reason for being in the suit and would, therefore, be pointless.

The existence of a viable claim by Plaintiffs against RRR is the critical difference between the instant case and *Perlberg*. That case did not include a cause of action by the plaintiff against the nondiverse defendant-intervenor as this one does. RRR argues that intervention would only result in bringing its contribution claim against Garland to this Court, but the implications of that contribution claim are that this Court would wind up making a determination as to RRR's liability vis-à-vis Garland without an opportunity for Plaintiffs to weigh in on whether RRR is a joint tortfeasor. If Plaintiffs elect not to dismiss their state-court case against RRR, then, potentially, principles of res judicata and collateral estoppel may be invoked in Plaintiffs' state-court suit against RRR, presuming this Court's determination was first in time.

This case is, in short, a procedural mess. Garland is entitled to have Plaintiffs' claims against it litigated in federal court. Subject-matter jurisdiction clearly exists, and no party is seeking remand to state court. Plaintiffs, as the masters of their complaints, knowingly brought two separate lawsuits against RRR, on the one hand, and Garland and Tamko, on the other hand. Garland has knowingly subjected itself to litigating two related issues—its liability to Plaintiffs and its liability to RRR—in two fora by removing Plaintiffs' direct case against it to this Court. The two liability issues are not identical, however. If they were, then joinder of RRR pursuant to Rule 19 and subsequent remand for lack of diversity jurisdiction would be required. Plaintiffs have sued RRR for negligent repair work and have sued Garland and Tamko for negligence in placing in the stream of commerce a defectively toxic product (which sounds similar to strict liability). Both RRR and Garland have an interest in having this Court determine that Plaintiffs' claimed damages were not proximately caused by the roofing repairs. But finding Garland liable in the instant case does not necessarily involve a finding of liability against RRR. And a finding of liability in state court against RRR does not necessarily involve a finding of liability against Garland. The two causes of action ideally would be resolved in one forum because of their obvious relation to each other. Nevertheless, they cannot be because of the limits on this Court's jurisdiction.

For these reasons, the motion to intervene (ECF No. 7) is DENIED.

DATED this <u>11th</u> day of December, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge